Chief Justice Boyle
delivered the Opinion of the Court.
This is a writ of error, prosecuted by Ham’s administrator, to a judgment recovered against him by Tinchener in an action of debt, upon a bond to secure the costs of a suit in chancery, brought by Flournoy, a non resident, against Tinchener and others, in the Madison circuit court.
The bond was executed by Ham “to Robert Tinchener &c. and all the officers of the Madison cir.cuit courtj”
And the principal question in the case is whether Tinchener could maintain the action in his own name alone.
if he is the. only obligee in the bond, it is clear th'at the action was properly brought in his name alone; but if there be other obligees, it is equally clear that they ought to have joined in bringing the action.
On the part of Ham’s Administrator if is contended that the other defendants in the suit, to secure the costs of which the bond in question was gh 31?, are obligees as well as Tinchener. But in this position we cannot concur. Those defendants are not named in the bond, nor are they otherwise described than by the “&c.” after the name of Tinchener.
To enable a person to take as a grantee., or obligee, in a deed or bond, it is not indeed indispensable that he should he named. Names are only necessary for the purpose of distinction, and may be supplied in contracts ami deeds by a description indicating with sufficient certainty the person or persons intended to take by the contract or deed. But the &c. in the bond in this case is too vague and indefinite to answer fhe purpose of discrimination. Being in its import equally applicable to all or to. any persons or filings, it cannot be taken as descriptive in itself of any individual or class of individual persons or things, and cannot, therefore,, supply the names of such individuals.
Action must bein she name t^obligeo1S tho’ the1 Condition of the b°N^ wholly for the benefit ofothers>
Any descripr „ by his office, dignity, or re-cient in a ^ convoyante ^ethe^ac”* curate or'not so the persoir o^®reIaJ
It is true that' the bond in question here is conditioned to pay the cost of the suit brought against Tincbener and others, and these others are,, fore, beneficially interested in the performance of the condition, but it does not follow that they areobligees; for although a bond be given, as it legally may, to one, conditioned for the payment of money or the doing of some other act, for the benefit of himself and others, or even for the exclusive benefit of others, yet he to whom the bond is given would be the sole obligee, and he alone, having the legal right, could bring the action upon the bond in his own name only.
The other defendants in the suit, to secure the costs of which the bond in question was given, cannot, therefore, be considered as obligees, and of course it was not necessary that the action should have been brought in their names.
But we conceive that the persons who were officers of the Madison circuit court, at the time when the bond was executed, are obligees*
We have already remarked, that a person may be a grantee or obligee in a deed or bond without heing named, if there be a sufficient description of the person.
Thus Coke tells us, that “purchases are good, in many cases by a certain description of the person without either surname or name of baptism, as uxori J. 8. or primo gentío filio, or secundogentío filio <§"c.,or filio natu mínimo J. S. or seniori puero, or omnibus filiis or filiabus J. S. or omnibus liberis sen exitibus of J. S. or to the right heirs of J. S. ” Co. Lit. 3. a 3. b.
And if the person be named and the name mistaken, still, if the description be sufficiently certain to correct the mistake and identify the person, the deed will be good, and the person take under it, and hence Coke, after informing us that wife or uxor is a sufficient description, without a Christian name subjoins “ and so it is if a Christian name be added and mis- “ taken as Em for Emelyn See. for utile per inu- “ tile non vitiatnr” Co. Lit. 3. a.
The reason is the same, and the rule of course must be the same, where the person is described by his office or dignity, .
,?ii an action on a bond for .costs payable to defendant and all the officers of the ¡Madison circuit court, the officers must unite.
.Not in tlieir official but private characters and proper namgs.
Turner for plaintiff; Caperton for defendant,
Thus “if lands be given to Robert, Earl of Penis' broke, where his name is Henry, to George, Bishop •“ of Norwich where his name is John, and so on of an abbot &c. for in these and the like cases there “ can be but one of that dignity or name, and there-'s fore such a grant is good albeit the name o.f baps' iism be mistaken.” Ii.
If then a person can take by a description, with* out being named in a deed or bond as a grantee or obligee, it will follow, as the bond in this case was. given to Tincbener and all the officers of the Madison circuit court, that the latter are joint obligees with Tincbener, and that the action ought to have been brought in their names as well as his.
We have no idea that they can be obligees in their official capacity.
It is only in their private rights that they can take and hold property, and it is consequently only in that character that they can be obligees. In England, even sole corporations, such as bishops, prebendaries, parsons, vicars &c. cannot be obligees, and therefore, it is held that a bond made to any of these shall enure to them in their natural capacities; Bac. Abr. Tit. Obligations, Letter D.
It results, therefore, as the action in this case was brought in the name of Tincbener alone when there were other obligees who ought to have joined in the action, that tiie judgment for the plaintiff is erroneous.
If must therefore be reversed with costs, and the cause be remanded that judgment may be given a* bating the writ.